FILED '10 OCT 07 10:55 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association, | 09-6375-TC |
| Plaintiff, | ORDER |
| v. | |
| DIAMOND WEST LUMBER COMPANY, LLC, an Oregon limited liability company; et al., | |
| Defendants. | |

COFFIN, Magistrate Judge:

Presently before me are defendants Diamond West Lumber and Harrison's motions to dismiss cross-claims brought against them by co-defendant Diamond West Holdings. (#'s 32 and 35). The parties have consented to allow a Magistrate Judge to decide this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). I heard oral argument on the motions on September 3, 2010, and for reasons more fully discussed below, I grant the motions to dismiss.

///

## BACKGROUND

Plaintiff Bank of America ("BOA") filed this action seeking to collect on a loan agreement between BOA and defendant Diamond West Lumber Company. (#19) The third cause of action is judicial foreclosure of personal property security interest against defendants Diamond West Lumber, Diamond West Holdings, Westwood Lumber, Harrison, Caterpillar, and Libertybank, which alleges that those defendants' lien or interest in collateral are subordinate and inferior to BOA's interest. Id. at ¶¶ 30-33. The basis for subject matter jurisdiction over state law claims by BOA is the diversity jurisdiction under 28 U.S.C. § 1332. Id. at ¶ 8. Diamond West Holdings filed an answer to the Amended Complaint, with cross-claims, on June 22, 2010. (#30). Specifically, Diamond West Holdings asserted a single breach of contract cross-claim against Diamond West Lumber and two cross-claims against defendant Harrison for partition and accounting involving real property that Diamond West Holdings and Harrison hold as tenants in common. Id. at ¶¶ 13-17, 18-30.

## DISCUSSION

Rule 13 allows a party to bring a cross claim against a co-party "if the claim arises out of the same transaction or occurrence that is the subject matter of the original action..., or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g).

It is clear that Diamond West Holdings's cross-claim against Diamond West Lumber for breach of a commercial lease does not arise out of the same transaction or occurrence that is the subject matter of the original action, nor does it involve property that is the subject matter of the original action. A reading of the Amended Complaint and answers filed by the defendants reveals that the main dispute among the defendants to BOA's action is which equipment and inventory is subject to BOA's security interest and the extent other parties may have a senior security interest.

Diamond West Holding's cross-claim, however, alleges that Diamond West Lumber owes Diamond West Holdings $950,000 for the alleged breach of the lease agreement. Deciding the issues raised by BOA's claim will have no effect on, and indeed need not involve any discussion about, the alleged breach of the commercial lease. Moreover, the disposition of equipment and inventory will have no effect on Diamond West Holdings's state law claim to recover unpaid lease amounts due. Thus, I find that the commercial lease cross-claim does not arise out of the same transaction and occurrence, and I cannot justify the exercise of federal jurisdiction over this purely state law claim between two Oregon citizens.

Similarly, it is clear that Diamond West Holdings's cross-claims against defendant Harrison do not arise out of the same transaction or occurrence that is the subject matter of the original action, nor does it involve property that is the subject matter of the original action. As noted above, the main dispute between the defendants is the priority of security interests. The cross-claims against Harrison for partition and accounting arise solely out of the Harrison and Diamond West Holdings's relationship as tenants in common; they are unrelated to the original action. Diamond West Holdings argues, however, that the partition action may involve discussion of whether certain property is equipment or a fixture, however such speculation is not enough to allow this limited jurisdiction court to exercise jurisdiction over Diamond West Holdings's state law cross-claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78 (1994).

///

///

///

///

## CONCLUSION

I find that the cross-claims against Diamond West Lumber and Harrison do not arise out of the same transaction or occurrence or involve the same property as the primary claim asserted by BOA as required by Fed. R. Civ. P. 13(g). Thus, I grant Diamond West Lumber and Harrison's motions to dismiss. (#'s 32 and 35).

IT IS SO ORDERED

DATED this 7th day of October 2010.

_____
THOMAS M. COFFIN
United States Magistrate Judge