FILED 13 JUN '11 14:50 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BANK OF AMERICA N.A., a national
banking association,

                Plaintiff,

v.

DIAMOND WEST LUMBER COMPANY,
L.L.C., et al.,

                Defendant.

09-6375-TC

OPINION AND ORDER

COFFIN, Magistrate Judge:

    Plaintiff Bank of America (Bank) alleges that defendants Diamond West Lumber Company, L.L.C. (Diamond West) and Westwood Lumber Holding Inc. (Westwood Lumber) defaulted on loan agreements and guaranty obligations that they executed in favor of the Bank. The Bank filed a motion for summary judgment (# 51) on the basis that there is no dispute that Diamond West is in default and that Diamond West and Westwood Lumber have failed to pay amounts due under the loan documents and guaranty. Defendants did not file any response. For the reasons below, I grant the Bank's motion.

Page 1 - OPINION AND ORDER

## Background

On August 20, 2007, Diamond West executed, among other documents, a loan agreement in favor of the Bank for a four million dollar line of credit to provide Diamond West with working capital. Diamond West also executed a Security Agreement (Multiple Use), which granted the Bank a security interest in personal property, including all inventory, chattel papers, accounts, equipment and general intangibles. The bank properly recorded the security agreement in the above-described chattels on September 19, 2007. That same day, August 20, 2007, Westwood Lumber executed a Continuing and Unconditional Guaranty (Guaranty) which promised to pay the Bank "any and all indebtedness" of Diamond Lumber, including its loan obligations to the Bank. Under the Guaranty's terms, the Bank can enforce it against Westwood Lumber even if the Bank has not exhausted its remedies against any other party obligated to pay Diamond West's indebtedness. On February 11, 2008, Diamond West executed an amendment no. 1 to the loan agreement that increased the maximum amount available under the line of credit from four million to five million dollars. Except as provided in the amendment, all the terms and conditions of the 2007 loan agreement remained in full effect and force.

On November 18, 2008, the Bank sent Diamond West a notice of default under the loan documents. The Bank declared the entire balance of the line of credit immediately due and payable in accordance with its terms. After a December 15, 2008 meeting with Diamond West, the Bank sent a follow-up notice of default letter on January 20, 2009, which referenced the original November 2008 letter. As of December 28, 2010, the total balance due on the line of credit was $4,993,310 plus interest fees, late fees, and other charges due under the loan agreement.

///

## Legal Standards

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.

## Discussion

Here, the undisputed facts establish that Diamond West signed loan documents promising to fulfill its loan obligations to the Bank and that, since December 2008, Diamond West has been in default of those obligations. Thus, the Bank has declared the entire balance due and payable. Diamond West has made no payments. As Diamond West has defaulted, the Bank is entitled to summary judgment on its claim against Diamond West.

The record also establishes that Westwood Lumber guaranteed Diamond West's obligations by "unconditionally" promising to pay Diamond West's indebtedness to the Bank. Westwood Lumber's obligation to pay to the Bank became absolute when Diamond West defaulted on its loans, and the Bank has not yet been repaid. Accordingly, the Bank is entitled to judgement on its claim against Westwood Lumber.

Page 3 - OPINION AND ORDER

## Conclusion

I grant summary judgment on the Bank's claims against Diamond West and Westwood Lumber, and order any and all rights of Diamond West and Westwood Lumber in the collateral extinguished. The balance owed on the line of credit as of December 28, 2010 is $4,993,310, plus interest fees, late fees and other charges due under the loan documents.

The loan documents and guaranty both specifically provided for an award of reasonable costs and attorney fees. Within fourteen day of the date judgment is entered in this matter, the Bank may file a motion for fees and costs.

In their recently filed stipulation, the parties indicated that they were close to reaching an agreement in the priority of interests in the collateral. If no agreement has been reached within thirty days from the date this order is filed, the parties shall file a status report updating the court on the parties' settlement efforts.

IT IS SO ORDERED

DATED this 13 day of June 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge